Callahan, J.
The determination of the Board of Standards and Appeals sought to be reviewed, revoked a certificate of occupancy granted on May 25, 1939, to Bobitzek Investing Co., Inc., as owner of premises located on the south side of Eastern Boulevard near Brush Avenue, in the borough of the Bronx, city of New York. The certificate recited that the building and premises conformed substantially to the approved plans and specifications, and to the requirements of the building code and all other laws and ordinances, and of the rules and regulations of the Board of Standards and Appeals, applicable to a building of its class and kind at the time the permit was issued. It certified that the provisions of subdivision f of section 646 of the New York City Charter with respect to inspection and approval by the fire commissioner had been complied with, and stated that the occupancy classification permitted was “ Gasoline Service Station Auto Bepair Shop, Storage and Parking of more than 5 motor vehicles.”
The premises had been leased by the owner to the Colonial Beacon Oil Company, as tenant, for occupancy as aforesaid, in February, 1939, for a term of ten years, beginning upon the completion of certain buildings and their readiness for occupancy. The' tenant had entered into possession on or about May 25,1939, and continued to use the premises as a gasoline service station until the year 1942 when it refused to pay rent.
In an action brought to recover certain installments of rent .then due, the tenant asserted, among other defenses, that a zoning resolution which became effective July 24, 1938, restricting the locality to business use had rendered unlawful the use of the premises for the purposes stated in the lease. Bobitzek Investing Co., Inc., the plaintiff in that action, moved for summary judgment for the rent due, which judgment was granted, and on appeal we affirmed that judgment. (See Robitzek Investing Co. v. Colonial Beacon Oil Co., 265 App. Div. 749, leave to appeal denied 266 App. Div. 775, 291 N. Y. 831.) We held that so long as a certificate of occupancy was in full force *253 and effect it might not be collaterally attacked, and that defendant had not been prevented from using the property for the purposes specified in the certificate. We pointed out that though the premises were then located in a restricted use district they were in an unrestricted use district at the time the original plans for a gasoline service station were filed on July 16, 1938; that before July 24, 1938, the effective date of the resolution rezoning the district into a business district, plaintiff had begun construction work according to a building permit duly issued. We held that these circumstances gave the owner the right to use the premises as a gasoline station as it had acquired a vested right therein of which it could not thereafter be deprived, having in good faith entered upon the construction of the building and gasoline station on the basis of the plans and specifications approved by the various city departments.
For several years after our decision the tenant continued to pay rent, although the premises were boarded up and no business was conducted therein. As a step preliminary to its attempt to sustain its claim of illegal use as a defense to the action for rent, the tenant had removed various gasoline tanks from the premises. In the year 1944, proposing to reopen the station, it applied to the Department of Housing and Buildings for permission to reinstall the tanks. This permission was denied upon the sole ground that the gasoline service station had been abandoned in May, 1942, and such use could not be resumed because of the zoning restrictions. The tenant, with the consent of the owner, thereupon appealed to the Board of Standards and Appeals from the ruling of the Borough Superintendent. When the matter came before the Board of Standards and Appeals for hearing, the attorney for the tenant, the same company that had previously attempted to cancel the lease because the use violated the zoning laws, was the only one supporting the appeal.
Instead of proceeding to hear the question as to whether the use had been abandoned, the board entered into a discussion with the tenant’s representative as to whether the certificate of occupancy had been legally issued. Without any testimony to support the statement, the chairman of the board asserted that no specific work had been done prior to the change of zone going into effect, and no vested rights had been acquired. It was stated that the original building permit did not include any gasoline tanks, but just the accessory buildings. However, it appears from an exhibit in this record that an amended plan filed before the change of zone took effect did show that three *254 batteries of gasoline tanks were to be installed. Thereupon the board proceeded to find that the certificate of occupancy was illegally issued, and to revoke the same. In doing so the board referred to this court’s decision in Matter of Tralow Realty Corp. v. Murdock (261 App. Div. 173). In the case cited, no certificate of occupancy had ever been issued, and no gasoline station actually erected.
The board dismissed as academic the portion of the appeal relating to the action of the Borough Superintendent in denying the leave to reinstall the gasoline tanks.
The outcome of these proceedings before the board was that, although the appeal was dismissed, the certificate of occupancy, which had been in effect for approximately six years for premises which had been used for the purposes certified for more than ' three years, was revoked. Revocation was effected without proceedings invoking such relief being instituted by any public official and without notice to the owner, who was thus deprived of the benefit of its certificate without a chance to be heard. Incidentally, the board overruled the decision of this court that the owner had acquired some vested rights in the use of the premises before the change of zone had taken effect.
We think that this procedure was wholly irregular and unwarranted. While subdivision 8 of section 666 of the New York City Charter permits the review, upon motion of any member of the Board of Standards and Appeals, of any rule, regulation, order, decision or determination from which an appeal may be taken to the board, the section specifically provides that no such review shall prejudice the right of any person who has in good faith acted thereon before it - is reversed or modified. Such prejudice clearly exists here.
We are required to reverse the order so far as appealed from, and to sustain the demand for review, with the direction .that the matter be returned to the Board of Standards and Appeals for its decision on the question as to whether the Borough Superintendent had properly denied permission to reinstate the gasoline pumps because of an abandonment of the certified -use.
Martin, P. J., Dore, Cohn and Peck, JJ., concur.
Order so far as appealed from unanimously reversed, and the demand for review sustained, with the direction that the matter be returned to the Board of Standards and Appeals for its decision oh the question as to whether the Borough Superintendent had properly denied permission to reinstate the gasoline pumps because of an abandonment of the certified use. Settle order on notice.